# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| DINO R. JONES, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-13-2250 |
| DIMENSIONS HEALTH CORP., | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff Dino R. Jones filed a Motion to Vacate the dismissal of this case, ECF No. 10. He filed this employment discrimination case on August 2, 2013, and on December 4, 2013, was ordered to show cause why he had failed to effect service on the Defendant within 120 days of filing the complaint, as required by Fed. R. Civ. P. 4(m). *See* Dec. 4, 2013 Show Cause Order, ECF No. 5. Plaintiff filed a response, requesting reissuance of the summons and additional time in which to effect service, Pl.'s Resp., ECF No. 6, which I granted in part. I also ordered that he effect service on or before February 17, 2014. *See* Letter Order, ECF No. 7. When Plaintiff failed to file evidence of service by the extended deadline, I again ordered him to show cause why service was not effected. Feb. 19, 2014 Show Cause Order, ECF No. 8. Plaintiff did not file a response and, on March 11, 2014, I dismissed the case without prejudice pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8(a) (D. Md. Jul. 2011), ECF No. 9. Now he has filed a motion to vacate the dismissal. Because I find the motion to be without merit, it will be denied.

Although Plaintiff labelled his motion as one to vacate, which generally is filed pursuant to Rule 60(b), dismissal for failure to effect service is not a dismissal under Rule 60, but rather under Rule 4(m) itself. Rule 4(m) provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this case, I extended the deadline for Plaintiff to effect service and, after it passed, gave Plaintiff yet another opportunity to demonstrate good cause pursuant to Rule 4(m). *See* Feb. 19, 2014 Show Cause Order. Plaintiff failed to file a response to the second Show Cause Order and failed to file a motion requesting a second extension, "a fact which has been noted by other courts as at least some evidence of lack of diligence." *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 661 (D. Md. 1986) (citations omitted). In Plaintiff's Motion, he provides no reason to rescind the dismissal other than (1) that he is attempting to resolve the dispute extra-judicially and (2) that he has been reviewing documents received pursuant to a FOIA request. Neither excuse constitutes good cause considering the numerous warnings in this Court's orders and the previous extension the Court granted. *See Uzoukwu v. Prince George's Cnty. Coll. Bd. of Trustees*, No. DKC-12-3228, 2013 WL 3072373, at *2 (D. Md. June 17, 2013) (Good cause requires that "the interference of some outside factor prevented the otherwise-diligent plaintiff from complying with the rule."); 1 *Steven S. Gensler*, *Federal Rules of Civil Procedure, Rules and Commentary* 57–58 (2013 ed.) ("Good cause generally will be found only where the insufficiency of service resulted from circumstances beyond the plaintiff's control. For example, good cause may be found where the plaintiff acted diligently and reasonably but service failed because the defendant was evading service. Mistake, neglect, and inadvertence generally cannot support a showing of good cause.") (citations omitted). Intentionally delaying service of process to pursue extra-judicial resolution or reviewing documents received pursuant to a FOIA request

does not amount to good cause, especially in light of the warnings and notice provided by the Court.

Because Plaintiff's motion was not filed as a timely response to the Show Cause Order, but rather requests a modification of the dismissal order after it was issued, it is better construed as one to reconsider, rather than vacate, the dismissal. The Local Rules of this Court permit the filing of a motion for reconsideration within fourteen days of the issuance of the order that is the subject of the motion, unless otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60. *See* Loc. R. 105.10. The rule, however, contains no standard for its application and the Fourth Circuit has not identified such a standard. Other courts have, and their guidance is instructive. In the widely cited case of *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983), the court noted there are "circumstances when a motion to reconsider may perform a valuable function," but added that it was improper to use such a motion to "ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Id.* at 101. The court concluded:

> The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Id.* Other courts that have considered this issue are in accord. *See, e.g.*, *Redner's Markets, Inc. v. Joppatowne G.P. Ltd. P'ship*, No. RDB-11-1864, 2013 WL 5274356, at *7 (D. Md. Sept. 17, 2013); *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987) ("Courts have distilled various grounds for reconsideration of prior rulings into three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded

factual record; and (3) need to correct a clear error or prevent manifest injustice."); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990); *Shields v. Shetler*, 120 F.R.D. 123, 125–26 (D. Colo. 1988) (recognizing the three customary reasons for granting a motion for reconsideration, providing they are of a "strongly convincing" nature, and observing that a motion for reconsideration "is not a license for a losing party's attorney to get a second bite at the apple"); *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997). The learned commentators agree. *See, e.g.*, Charles Alan Wright, et al., 18B *Fed. Prac. & Proc. Juris*. § 4478 (2d ed. 1981) (observing that permitting a motion for reconsideration for only limited grounds protects both the courts and the parties against the burden of repeat arguments by unyielding advocates).

The logic of these cases is apparent. When a party files a motion with the court, there is an obligation to ensure it is factually accurate, supported by citation to legal authority, and raises all arguments that reasonably may be made through the exercise of due diligence. Once a court has issued its ruling, unless one of the specific grounds noted above can be shown, that should end the matter, at least until appeal. Were it otherwise, there would be no end to motions practice, each one becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience. Hindsight being perfect, it requires no great skill for a lawyer to construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order. It is hard to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it. In the relatively rare instances when there has been an intervening change in the controlling law, or the court has made a clear error in its initial ruling,

or new facts have surfaced, that could not have been discovered through the exercise of due diligence before the motion was filed, then a request for reconsideration can perform a valuable function, allowing the court quickly to correct a clear error or injustice, and sparing the parties the need to appeal.

Plaintiff has failed to make any of the showings necessary for me to reconsider my previous ruling. Plaintiff's motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). "Mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). The rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

Accordingly, whether construed as a motion to vacate, an untimely response to the show cause order, or a motion for reconsideration, Plaintiff's Motion, ECF No. 10, will be DENIED by separate order.

Dated: <u>April 2, 2014</u>    <u>        /S/        </u>
Paul W. Grimm
United States District Judge

jwr